**Gilberto ACOSTA–OLIVARRIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70902.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 19, 2012.*

Filed Dec. 21, 2012.

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Allison Frayer, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Gilberto Acosta–Olivarria, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations and questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

The BIA correctly concluded that Acosta–Olivarria is ineligible to adjust status because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) for having accrued more than one year of unlawful presence in the United States and then reentering without admission. *See Garfias–Rodri-*

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*guez v. Holder*, No. 09–72603, 702 F.3d 504, 2012 WL 5077137, at *7 (9th Cir. Oct.19, 2012) (en banc) (aliens who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) are not eligible for adjustment of status under 8 U.S.C. § 1255(i)).

Acosta–Olivarria's due process contentions therefore fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (an alien must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.